IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
SALISBURY DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| NATIONAL QUARRY SERVICES, INC., NQS EQUIPMENT LEASING COMPANY, and CHRISTOPHER L. GIFFORD, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Civil Action No. 1:15-cv-204

## COMPLAINT

COMES NOW plaintiff Travelers Property Casualty Company of America, complaining of defendants National Quarry Services, Inc., NQS Equipment Leasing Company and Christopher L. Gifford, alleges and says:

1. Travelers Property Casualty Company of America ("Travelers") is a foreign company which is appropriately licensed and registered to transact business in North Carolina.

2. Travelers issues workers' compensation insurance policies to employers in North Carolina.

3. Travelers has issued three insurance policies in the name of National Quarry Services, Inc. ("National Quarry"). All three policies were issued as part of the North Carolina Assigned Risk Plan.

4. NQS Equipment Leasing Company ("NQS Equipment") is a North Carolina company with a principal place of business in Davidson County, North Carolina. Upon information and belief, NQS Equipment is the new name for the company previously known as National Quarry Services, Inc. NQS Equipment is liable for all obligations incurred by the company previously known as National Quarry Services, Inc., which is the named insured on the aforementioned policies.

5. Jurisdiction is proper in this case pursuant to 28 USC § 1332 because the parties are from different states and the amount in controversy exceeds $75,000.

6. On or about July 13, 2014, the owners of NQS Equipment (formerly known as National Quarry Services, Inc.) formed a new company also called National Quarry Services, Inc. That company is a defendant. It is liable in this case to the extent it has acquired the rights and liabilities of the company formerly known as National Quarry Services, Inc. or is a continuation of the company previously known as National Quarry Services, Inc.

7. The corporate defendants conduct extensive blasting and drilling operations around the Southeast, employing multiple workers, with multi-million dollar annual revenues.

8. The first policy that Travelers issued in the name of National Quarry is Policy No. 6JUB 5B255467, with a policy term of March 7, 2012 to August 6, 2012. The balance due on that policy is $32,835.00.

9. The second policy that Travelers issued in the name of National Quarry is Policy No. 6JUB 5B598126, with a policy term of September 15, 2012 to March 7, 2013. The balance due on that policy is $36,599.00.

10. The third policy that Travelers issued in the name of National Quarry is Policy No. 6JUB 5B88172A, with a policy term of March 16, 2013 to October 30, 2013. The balance due on that policy is $92,848.00.

11. Travelers has satisfied all conditions precedent.

12. The total balance due is a total amount of the premiums for each of the three policies, which is $162,282.00. Additionally, interest will have accrued at the statutory rate of interest from the last day of each policy. Thus, Travelers is additionally owed 8% interest on $32,835.00 since August 6, 2012. Travelers is owed 8% interest on $36,599.00 since March 7, 2013. Travelers is owed 8% interest on $92,848.00 since October 30, 2013.

13. Chris Gifford, individually, is also liable for fraud based on his misrepresentations as an owner and officer of the corporate defendants. Chris Gifford, as an owner or officer made, *inter alia*, the following misrepresentations, either directly or through his agent(s), when applying for workers' compensation insurance and at various times during the course of the policies' terms: that National Quarry had no non-officer employees doing drilling, rock crushing services or blasting; that all drilling, blasting and rock crushing services were done by officers of the company; and that National Quarry did not use subcontractors or non-employee labor. All of these representations were false, and Chris Gifford knew they were false when he made them.

14. Travelers did actually and reasonably rely on the misrepresentations made by Chris Gifford when it issued the policies discussed herein and when it kept those policies in force.

15. Travelers was damaged by Chris Gifford's misrepresentations in the amount of the premium demanded herein.

WHEREFORE Plaintiff Travelers prays to the Court for relief as follows:

1. For judgment to be entered against all three defendants for the amounts described above, plus interest as described above;

2. For judgment against Chris Gifford for fraud in the amounts of the premium described above, plus interest;

3. For trial by jury;

4. For attorney fees as allowed by law;

5. That costs be taxed against defendants; and

6. For such other relief as this Court deems equitable, just and proper.

This the 6th day of March, 2015.

/s/ Andrew L. Fitzgerald
Andrew L. Fitzgerald
N.C. State Bar No. 31522
FITZGERALD LAW, P.C.
632 Holly Avenue
Winston-Salem, NC 27101
Telephone: (336) 793-4365
Fax: (336) 796-4696
andy@fitzgeraldlitigation.com

4